UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| B.A., | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5: 21-106-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff B.A. filed suit against the United States and United States Bureau of Prisons ("BOP") Officer Brian Goodwin for claims arising from an alleged sexual assault while the plaintiff was housed at the BOP's Federal Medical Center in Lexington, Kentucky. [Record No. 1] The United States filed a motion to dismiss B.A.'s assault and battery claim on the grounds that it is protected by sovereign immunity because the alleged sexual assault did not occur within the scope of Defendant Goodwin's employment. [Record No. 38] B.A. disagrees with the government's contention. [Record No. 39] Alternatively, she asserts that dismissing this claim before discovery is premature because determining if an action falls within the scope of employment is a fact-based inquiry. [*Id.*] Having reviewed the parties' filings on this issue, the Court will grant the United States motion because the alleged sexual assault was not within the scope of Goodwin's employment.

I.

B.A. is a former inmate at the Federal Medical Center-Lexington. [Record No. 1, p. 3] She was assigned to a work crew refinishing and tiling the floors at that facility while housed

there.  [Record No. 1, p. 6] Goodwin, a corrections officer at FMC-Lexington, was the supervisor on B.A.'s work crew.  He allegedly made sexual comments and advances towards B.A. while she was working.  [Record No. 1, p. 6] The plaintiff contends that Goodwin escalated his behavior and raped her on September 13, 2019.  [Record No. 1, p. 6] B.A. reported the rape in January 2020, but Goodwin remained an officer at FMC-Lexington while she was still incarcerated there.  [Record No. 1]

B.A. filed this action asserting claims against Goodwin under the Eighth Amendment as well as claims for negligence and assault and battery under the Federal Tort Claims Act ("FTCA") against the United States.  [Record No. 1] The United States responded with a motion to dismiss the assault and battery claim.  It contends that the claim should be dismissed because sovereign immunity has not been waived under the FTCA.  [Record No. 38]

**II.**

"A motion to dismiss on the basis that plaintiff's claim is barred by sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction." *Sawyers v. United States*, No. 3:15-CV-00873-GNS-DW, 2016 U.S. Dist. LEXIS 171817, at *3 (W.D. Ky. Dec. 12, 2016); *see also Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) (explaining that sovereign immunity is a challenge to the court's subject matter jurisdiction and the proper vehicle to challenge subject matter jurisdiction is Rule 12(b)(1)).  A party can conduct either a facial attack or a factual attack to challenge the Court's subject matter jurisdiction under Rule 12(b)(1). *Gentek Bldg. Products, Inc. v. Sherwin—Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  An assertion of sovereign immunity constitutes a factual attack on the Court's subject matter jurisdiction. *CHS/Community Health Sys. v. Med. Univ. Hosp. Auth.*, No, 3:20-cv-163, 2021 U.S. Dist. LEXIS 47999, at *4-5 (M.D. Tenn. March 15, 2021).

The Court does not presume the plaintiff's factual allegations are true when reviewing a factual attack on the Court's subject matter jurisdiction. *Gentek Bldg. Products, Inc.*, 491 F.3d at 330. Further, when "examining a factual attack under Rule 12(b)(1), the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Global Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co.*, 805 F.3d 806, 810 (6th Cir. 2015). The burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### III.

The United States cannot be sued unless it has waived sovereign immunity. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). The FTCA includes a waiver of immunity, "giv[ing] federal district courts exclusive jurisdiction over claims against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission; of federal employees acting within the scope of their employment.'" *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)). But the FTCA contains several exceptions that preserve sovereign immunity for the government. 28 U.S.C. § 2680. One exception is that the FTCA preserves immunity for suits arising from intentional torts committed by federal employees. 28 U.S.C. § 2680(h). However, that exception includes an exception. The FTCA also includes a provision that waives sovereign immunity for six intentional torts, including assault and battery, committed by law enforcement officers acting within the scope of their employment. *Millbrook v. United States*, 569 U.S. 50, 53 (2013) (citing 28 U.S.C. § 2680(h)).

The Court applies the law of the state where the act or omission occurred in determining whether it is within the scope of one's employment. 28 U.S.C. § 1346(b)(1). Under Kentucky

law, "the focus is consistently on the purpose or motive of the employee in determining whether he or she was acting within the scope of employment." *O'Bryan v. Holy See*, 556 F.3d 361, 383 (6th Cir. 2009) (quoting *Papa John's Int'l v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008)).[1] An intentional tort committed by the employee may be within the scope of his or her employment if "its purpose, however misguided, is wholly or in part to further the master's business." *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005)). "[T]o be within the scope of employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized." *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000).

The United States concedes that Goodwin is a law enforcement officer for purposes of 28 U.S.C. § 2680(h). [Record No. 38, p. 7] However, it argues that Goodwin's alleged sexual assault and rape of B.A. was not an intentional tort committed within the scope of his employment. [*Id*. at 11.] The plaintiff counters by arguing that the assault and battery committed by Goodwin was within the scope of his employment because Goodwin used his position to control B.A. while on the job. [Record No. 39, p. 4] She asserts that "Goodwin used sexual coercion to manage the inmate-workers under his supervision" and that the BOP's interest was to have the tiling work completed and compliant inmates. [*Id*.] The parties agree that Kentucky law applies to determine whether Goodwin's actions are within the scope of his employment.

Previous Kentucky cases as well as a decision from the United States Court of Appeals for the Sixth Circuit applying Kentucky law have concluded that a sexual assault is not within

---

[1] The parties rely on the four-part test articulated in *Coleman v. United States*, 91 F.3d 820, 824 (6th Cir. 1996). However, the Supreme Court of Kentucky has moved away from "the principle of the foreseeability of misconduct" and focuses only on the employee's purpose or motive. *Patterson v. Blair*, 172 S.W.3d 361, 370 (Ky. 2005).

the scope of employment because there is no conceivable way that intentionally committing sexual assault can be motivated by a desire to serve the employer. *See, e.g.*, *Flechsig v. United States*, 991 F.2d 300, 302-03 (6th Cir. 1993); *Osborne*, 31 S.W.3d at 915. "Ordinarily, an employer is not vicariously liable for an intentional tort of an employee not actuated by a purpose to serve the employer but motivated, as solely by a desire to serve the employee's own sexual proclivities." *Am. Gen. Life & Acc. Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002); *see also Bond v. Carter Cnty.*, No. 14-140-DLB-EBA, 2015 U.S. Dist. LEXIS 74308 (E.D. Ky. June 9, 2015) (holding that the deputy sheriff was not furthering the interests of the sheriff's office when he forsook the interests of his employer "for his own personal gratification when he told [the plaintiff] that she would be arrested unless she performed oral sex on him"); *Osborne*, 31 S.W.3d at 915 (explaining that respondeat superior did not apply when a priest had an affair with the wife of a couple seeking marriage counseling).

In *Flechsig*, a former inmate at FMC-Lexington filed a claim for assault and battery committed by a correctional officer under the FTCA. 991 F.2d at 301-02. There, the plaintiff asserted that, while transporting the plaintiff to a CAT scan off the premises, the correctional officer stopped at his apartment and told the plaintiff that if she did not enter his home he would report to the Bureau of Prisons that she attempted to escape. *Id*. at 302. The correctional officer then sexually assaulted the plaintiff. *Id*. The district court dismissed the assault and battery claim, concluding that it was not within the scope of the officer's employment, as required by 28 U.S.C. § 1346(b). *Id*.

The Sixth Circuit affirmed the district court decision, explaining that the correctional officer's assault was outside the scope of employment because: (1) the conduct was far outside what the officer was employed to do; (2) his apartment was outside the spatial limit of his

employment; and (3) he was not motivated to serve his employer in any way. *Id*. at 303. The court stated that, "as a general rule[,] it is not within the scope of a servant's employment to commit an assault upon a third person and the master is not liable for such an assault though committed while the servant was about the master's business." *Id*. at 303 (quoting *Southeastern Greyhound Lines v. Harden's Adm'x*, 136 S.W.2d 42, 45 (Ky. 1940)).

While B.A. argues that the sexual assault was utilized to further the BOP's interest because it was a "tool of control" to secure a completed tiling job and a compliant inmate, Kentucky courts and the Sixth Circuit have concluded that this type of alleged conduct is not an act that furthers the interests of the BOP. *Flechsig,* 991 F.2d at 302-03. Federal corrections officers are charged with management at BOP institutions; to provide safekeeping, care, and subsistence of all persons held at federal institutions; and to provide for the "protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 402(a); *see also* Bureau of Prisons Program Statement 3420.11. Committing a sexual assault is far outside the scope of Goodwin's duties and is not reasonably incident to what the work he was hired to perform. *Flechsig*, 991 F.2d at 303 (citing *John v. Lococo*, 76 S.W.2d 897, 898 (Ky. 1934)). Nor is it conceivable that sexually assaulting B.A. was motivated by any purpose to serve the BOP, especially when considering the fact that Goodwin now faces criminal charges for his conduct. *Id*.; *see United States v. Goodwin*, United States District Court, Eastern District of Kentucky, Criminal Action No. 5: 21-085-DCR (E.D. Ky. July 23, 2021).

The fact that Goodwin's alleged conduct violates BOP policy bolsters the conclusion that it does not serve the interests of the BOP. The relevant policy states that "[n]o employee shall engage in, or allow another person to engage in, sexual behavior with an inmate. There

is never any such thing as consensual sex between staff and inmates." Bureau of Prisons Program Statement 3420.11, p. 7. Further, the policy notes that "[a]n employee may not use brutality, physical violence, or intimidation toward inmates, or use any force beyond what is reasonably necessary to subdue an inmate." *Id*. This Court has previously concluded that if conduct is violative of a BOP policy, it could not be considered as having been done with "the intent to further the interests of the employer." *Houghton v. United States*, No. 6:15-CV-90-DCR-HAI, 2016 U.S. Dist. LEXIS 128921, at *16 (E.D. Ky. Aug. 9, 2016), *adopted by* 2016 U.S. Dist. LEXIS 128921 (E.D. Ky. Sept. 20, 2016).

B.A. relies on the holding in *Millbrook* to argue that the United States has previously conceded that rape is within the scope of employment when a BOP officer sexually assaults an inmate. *See Millbrook*, 569 U.S. at 53. But the holding is of limited value for three reasons. First, the question addressed in *Millbrook* was whether the law enforcement provision of the FTCA only applied to torts committed while an officer was either executing a search, seizing evidence, or conducting an arrest, not whether a sexual assault was within the scope of employment. *Millbrook*, 569 U.S. at 56 (concluding that the waiver applied based on "a federal officer's legal authority, not on a particular exercise of that authority" and the waiver could apply to torts that occurred beyond those that are committed during a search, seizing evidence, or making an arrest). The Supreme Court explicitly did not express an opinion regarding whether the corrections officer's rape was within the scope of employment. *Id*. at fn. 3.

Second, the Court applied Pennsylvania law. And as FTCA explains, the United States will only be liable "if a private person [] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). As noted previously, Kentucky courts and the Sixth Circuit applying Kentucky law have concluded that

sexual assault is not generally an act that occurs within the scope of employment. *See, e.g.*, *Flechsig*, 991 F.2d at 301-02; *Osborne*, 31 S.W.3d at 915. Third, in *Millbrook*, the government conceded that the correctional officer was acting within the scope of his employment when the alleged sexual assault of the plaintiff may have occurred. *Millbrook*, 569 U.S. at fn. 3. Instead, the United States argued that the misconduct never took place when defending the matter after it was remanded from the Supreme Court. Whereas here, the United States argues that sexual assault cannot occur within the scope of employment under Kentucky law, but does appear to concede that the sexual assault occurred since it is prosecuting Goodwin for the sexual assault. *See United States v. Goodwin*, Criminal Action No. 5: 21-085-DCR (E.D. Ky. July 23, 2021).

Alternatively, B.A. argues that it is premature to dismiss the assault and battery claim at this time because determining whether an employee is acting within the scope of employment is a fact-based inquiry. But "[w]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co.*, 78 F.3d at 1143; *see also Does v. Haaland*, 973 F.3d 591, 599 (6th Cir. 2020); *see also Hensley v. Traxx Mgmt. Co.*, 622 S.W.3d 652, 657 (Ky. Ct. App. 2020) (referencing *Booker v. GTE.net LLC*, 350 F.3d 515, 518 (6th Cir. 2003)).

Based on the foregoing authorities, it is not premature to dismiss the assault and battery claim against the United States at this time for lack of subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant United States' Motion for Partial Dismissal [Record No. 38] is **GRANTED**.

  2. Plaintiff B.A.'s assault and battery claim asserted against the United States (Count II of the Complaint) is **DISMISSED**, with prejudice.

  3. The United States is directed to file an Answer to the remaining claim asserted against it (Count III of the Complaint) with **fourteen (14) days**.

  Dated:  October 12, 2021.

*[Signature]*
Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky